UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

NEW HOLLAND BREWING
COMPANY, L.L.C.,
a Michigan corporation,

        Plaintiff,

v.                                    Civil Action No. _____

DENNY'S BEER BARREL PUB
INCORPORATED,
a Pennsylvania corporation,

        Defendant.

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff New Holland Brewing Company, L.L.C. (hereinafter "Plaintiff" or "New Holland"), by and through its undersigned attorneys, for its Declaratory Judgment Complaint against Defendant Denny's Beer Barrel Pub Incorporated (hereinafter "Defendant"), alleges as follows:

## THE PARTIES

1.    New Holland is a corporation organized and existing under and by virtue of the laws of the State of Michigan and has its principal place of business at 66 East 8th Street, Holland, Michigan 49423.

2.    Upon information and belief, Defendant is a corporation organized and existing under and by virtue of the laws of Pennsylvania and has a place of business at 1452 Woodland Road, Clearfield, Pennsylvania 16830.

## NATURE OF ACTION

3.     This is an action for declaratory judgment arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*., for a declaration that Defendant's alleged trademark rights are not infringed by Plaintiff.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., pursuant to 28 U.S.C. § 1367 for the related state claims, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6.     There is complete diversity between New Holland and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Therefore, this Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise in the claims occurred in this District, and Defendant is subject to personal jurisdiction in this judicial District based upon, among other things, its business transactions within this District.

8.     Upon information and belief, there is personal jurisdiction over Defendant since Defendant is doing business within this State and judicial District, transacts business within this State and judicial District, derives substantial revenue from intra-state and inter-state commerce, and is otherwise within the jurisdiction of this Court.

9.     Upon information and belief, there is personal jurisdiction over Defendant by reason of the assertions made against New Holland in this District, namely, the allegation that

New Holland infringes Defendant's Marks. Defendant sent a letter dated March 30, 2015, alleging that New Holland infringes the Marks.

## **FACTUAL BACKGROUND**

10. Defendant has alleged that it has protectable trademark rights in the marks BEER BARREL PUB and BEER BARREL MAIN EVENT BURGER (hereinafter "the Marks"). On August 17, 2010, Defendant obtained U.S. Reg. No. 3,833,255 for the BEER BARREL PUB Mark in connection with: insulating sleeve holders for beverage cans and bottles in International Class (IC) 021; clothing, namely, hats and T-shirts sold only as promotional items from the restaurant (IC 025); and restaurant services (IC 043). See Exhibit 1. On June 24, 2008, Defendant obtained U.S. Reg. No. 3,497,565 for the BEER BARREL MAIN EVENT BURGER Mark in connection with: hamburger sandwiches (IC 46). See Exhibit 2.

11. New Holland began use of its BEER BARREL BOURBON trademark at least as early as September 19, 2012, on spirits.

12. On February 26, 2014, New Holland filed a trademark application (Serial No. 86/204894) for the BEER BARREL BOURBON mark on spirits in IC 033. See Exhibit 3.

13. On June 4, 2014, the United States Patent and Trademark Office (USPTO) Trademark Examiner rejected the application for BEER BARREL BOURBON as being allegedly merely descriptive of New Holland's goods (spirits) offered under that mark. The Trademark Examiner also rejected the mark as allegedly creating a likelihood of confusion with Defendant's BEER BARREL PUB and BEER BARREL MAIN EVENT BURGER Marks.

14. On December 3, 2014, New Holland amended the application to seek registration of the BEER BARREL BOURBON mark on the Supplemental Register. New Holland also

provided reasons why its BEER BARREL BOURBON mark would not create a likelihood of confusion with Defendant's Marks.

15.     On December 26, 2014, the USPTO Trademark Examiner again rejected the application on the basis that it was likely to create confusion with Defendant's BEER BARREL PUB and BEER BARREL MAIN EVENT BURGER Marks.

16.     New Holland has attempted to work out a coexistence agreement with Defendant.

17.     On March 30, 2015, Defendant's counsel sent a letter (Exhibit 4) demanding that New Holland cease and desist selling goods under the BEER BARREL BOURBON mark.

18.     In view of the foregoing allegations that New Holland is allegedly infringing Defendant's Marks, it is New Holland's intention at the present time to continue to conduct its business and activities which are now being asserted as infringing Defendant's Marks. New Holland's denial of the allegations shows that there has been and now is an actual controversy between New Holland and Defendant regarding the Defendant's Marks.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

19.     New Holland repeats and re-alleges each allegation in paragraphs 1-18 of this Complaint as if set forth fully herein.

20.     An actual controversy has arisen and now exists between New Holland and Defendant concerning whether New Holland's BEER BARREL BOURBON trademark infringes Defendant's Marks under the Lanham Act and applicable state law, including Michigan statutory and common law.

21.     New Holland has not infringed and does not infringe Defendant's Marks. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## COUNT II
## DECLARATORY JUDGMENT OF FAIR USE

22.     New Holland repeats and re-alleges each allegation in paragraphs 1-21 of this Complaint as if set forth fully herein.

23.     The USPTO has determined that New Holland's BEER BARREL BOURBON mark describes New Holland's bourbon that is aged in Beer Barrels. New Holland's good faith descriptive use of BEER BARREL BOURBON constitutes "fair use" under the Lanham Act (15 U.S.C. § 1115(b)(4)) and common law. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## RELIEF REQUESTED

WHEREFORE, New Holland prays for the following relief against Defendant:

A.     for a declaration and judgment declaring that Defendant's rights in its Marks are not infringed by New Holland's use of BEER BARREL BOURBON;

B.     for a declaration and judgment declaring that New Holland's sale, offer for sale, marketing, and advertising of spirits using the mark BEER BARREL BOURBON does not constitute common law unfair competition;

C.     for a declaration and judgment declaring that New Holland's use of the BEER BARREL BOURBON mark constitutes fair use;

D.     for an award to New Holland of its costs, expenses, and reasonable attorney fees as permitted by law including, but not limited to, under 15 U.S.C. § 1117; and

E.      for an award to New Holland for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 6, 2015

s/Matthew J. Gipson
Matthew J. Gipson (P60169)
PRICE HENEVELD LLP
695 Kenmoor S.E. | P.O. Box 2567
Grand Rapids, Michigan 49501
T: 616.949.9610
F: 616.957.8196
mgipson@priceheneveld.com